UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
ROBERT J. DiSALVIO,              )
       Plaintiff,                 )
                                  )
Vs.                               )    Civil Action No. 05 -
                                  )
TOWN OF ABINGTON, MASS.,          )
TIMOTHY O'CONNOR,                 )
CHRISTOPHER CUTTER,               )
       Defendants.                )
                                  )
```

05 10421 RGS

MAGISTRATE JUDGE ____

RECEIPT # 62524
AMOUNT $ 250
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 3/7/05

**COMPLAINT**

**Jurisdiction and Venue**

1.  The Federal District Court has jurisdiction over this case pursuant to 28 U.S. Code § 1331 and 1343.

2.  This Court has pendant jurisdiction over related state claims under 28 U.S.C. §1367 for violations of Plaintiff's rights under article XIV of the Massachusetts Declaration of Rights, as well as Massachusetts General Laws (M.G.L.) 12 § 11I.

3.  Venue in the District of Massachusetts is proper under 28 U.S. Code § 1391(b). During all times mentioned in this Complaint, Plaintiff was and is a citizen of the United States who resides within the District of Massachusetts. At all times mentioned herein, the Defendants were employed within the District of Massachusetts as police officers for the Town of Abington, Massachusetts.

Page -1-

**Parties**

4. Plaintiff Robert DiSalvio is a natural person domiciled at 223 South Main Street, Randolph, Massachusetts.

5. Defendant Town of Abington is a municipality in the Commonwealth of Massachusetts, with a principle place of business at 500 Gliniewicz Way, Abington, Massachusetts.

6. Defendant Timothy O'Connor, at all pertinent times, was a police officer in the Town of Abington, Massachusetts, and is sued in his individual capacity. On information and belief, he is no longer a police officer with the Abington Police Department.

7. Defendant Christopher Cutter, at all pertinent times, was a police officer in the Town of Abington, Massachusetts, and is sued in his individual capacity. On information and belief, he is still a police officer with the Abington Police Department.

**Factual Allegations**

8. Mr. DiSalvio was, at all pertinent times, subject to a restraining order issued under Massachusetts General Laws Chapter 209A, dated February 18, 2002, from Quincy District Court, Docket No. 2001 56 RO 0790, requested by his then-wife, Kathleen DiSalvio.

9. The February 18, 2002 restraining order required, in pertinent part, that Mr. DiSalvio stay 100 yards away from Kathleen DiSalvio, and not contact her directly or indirectly.

10. On March 7, 2002, Mr. DiSalvio, while working in Abington, Massachusetts, stopped near the apartment complex of Maureen Melanson ("Melanson"), sister of his then-wife Kathleen DiSalvio, and his then sister-in-law, who lived in Abington.

11. Mr. DiSalvio parked a few hundred yards from Melanson's apartment on a main street, intending to take some money to Melanson for his estranged wife.

12. Mr. DiSalvio got out of his car briefly, walked to a nearby building, changed his mind, and got back into his car without seeing or speaking to Melanson.

13. After Mr. DiSalvio got back into his car, defendant Officer O'Connor approached it, knocked on the window, and opened his car door.

14. O'Connor told Mr. DiSalvio to get out of his car, without giving a reason. Mr. DiSalvio complied, without resistance.

15. O'Connor then frisked Mr. DiSalvio, and checked the car. There were no weapons or contraband.

16. Defendant Cutter then approached, and joined Defendant O'Connor in asking Mr. DiSalvio why he was there.

17. Mr. DiSalvio explained that he was going to stuff some money into the mailbox of his sister in law Melanson, but decided against it.

18. Defendant Cutter then talked with Melanson, who falsely accused him of domestic violence, attempted murder, stalking, and other fantastic allegations. Mr. DiSalvio had not committed any violence. Melanson did not want a restraining order when it was offered by the police.

19. Cutter and O'Connor threatened Mr. DiSalvio, stating, among other things, to crack his skull open and to shove a flashlight up his nether region.

20. At no time Mr. DiSalvio did not threaten or disrespect the police officers, nor was he armed with any weapon. Defendant O'Connor testified that he was a "gentleman".

21. The defendant officers obtained current information on the provisions of the restraining order in place on behalf of Kathleen DiSalvio, and knew that Mr. DiSalvio had not violated the order, directly or indirectly.

22. The defendant officers knew that Kathleen DiSalvio was not at the apartment of Melanson, that Melanson did not have a restraining order against Mr. DiSalvio.

23. Since the defendant officers talked with Melanson, they knew that Mr. DiSalvio had not intimidated Melanson or threatened or assaulted her.

24. Officer O'Connor placed handcuffs on Mr. DiSalvio and placed him in his cruiser, with Defendant Cutter's help and involvement.

25. Officer O'Connor took Mr. DiSalvio to the Abington Police station, charged him with: a) Violation of a restraining order; b) Intimidation of a witness; and c) Assault, and then took him to the Plymouth County House of Correction.

26. Mr. DiSalvio was arraigned the next day, March 8, 2002, was not allowed bail, and spent the next two weeks at the Plymouth County House of Correction.

27. On or about March 22, 2002, at a hearing in Brockton District Court, Judge Nagle allowed bail, but Judge Baylor had already revoked his bail from Quincy, based on the alleged new offense, so he returned to jail in Dedham HOC, where he stayed for two more weeks.

28. At a hearing held in June of 2002, in Brockton District Court, the district attorney dropped the 209A violation and the assault charge, and wanted to proceed against him on the intimidation of a witness charge.

29. At the hearing, Melanson refused to testify, and if they forced her to do so, she would be

a hostile witness. That charge was then dropped as well.

30. At no time pertinent to this action did Mr. DiSalvio violate the restraining order against Kathleen DiSalvio.

31. At no time did Mr. DiSalvio initiate third party contact with Melanson, in violation of the restraining order.

32. At no time did Mr. DiSalvio intimidate a witness.

33. At no time did Mr. DiSalvio assault Melanson.

34. Mr. DiSalvio spent a total of 30 days in jail on these false charges.

35. After Mr. DiSalvio was released from jail, at a visitation pick up with his children, Maureen Melanson came out of Kathleen DiSalvio's house with his children, came up to within two feet of Mr. DiSalvio, and laughed, showing no fear whatsoever.

## COUNT I

### Federal Civil Rights - Fourth Amendment Violation
### Defendant Police Officers Only

36. Plaintiff incorporates all previous paragraphs as if fully stated herein.

37. By arresting and detaining Mr. DiSalvio without probable cause, while in possession of facts and a clearly worded order which showed that Mr. DiSalvio committed no violation, the Defendant officers violated Plaintiff's 4th Amendment right to be free from unreasonable searches and seizures.

38. Following his arrest, the Defendants continued to hold Mr. DiSalvio in the town of Abington and in Plymouth House of Correction in violation of his protected rights.

39. The actions of the defendant officers were done under color of law.

40. As a direct and proximate result thereof, Plaintiff suffered damages, as set forth below.

### COUNT II

#### Federal Civil Rights: Fourth Amendment Violation- Defendant Town of Abington Only

41. Plaintiff incorporates all previous paragraphs as if fully stated herein.

42. The Town of Abington has hired specialized personnel, and instituted policies and procedures which result in arrests for restraining order violations, which violate constitutional protections for defendants.

43. The Town of Abington has improperly trained its police officers in the legal procedures for arrests for restraining order violations.

44. As a direct and proximate result of Defendant Abington's improper training, and improper municipal policy and custom, Defendant officers falsely arrested Mr. DiSalvio.

45. As a direct and proximate result thereof, Plaintiff suffered damages, as set forth below.

### COUNT III

#### State Civil Rights- M.G.L. Ch. 12 §11I Defendant Police Officers Only

46. Plaintiff incorporates all previous paragraphs as if fully stated herein.

47. By arresting and detaining Mr. DiSalvio without probable cause, while in possession of a clearly worded order which showed that Mr. DiSalvio committed no violation, as set forth above, the Defendant officers violated Plaintiff's right to be free from unreasonable

searches and seizures as protected under Article XIV of the Massachusetts Declaration of Rights.

48. Following his arrest, the Defendants continued to hold Mr. DiSalvio in jail in violation of his protected rights.

49. During and after the arrest, the Defendants violated Mr. DiSalvio's protected rights with threats, intimidation and coercion, by their words and actions.

50. As a direct and proximate result thereof, Plaintiff suffered damages, as set forth below.

## COUNT IV

### False Arrest And Imprisonment - Defendant Police Officers Only

51. Plaintiff incorporates all previous paragraphs as if fully stated herein.

52. Defendants arrested Plaintiff without probable cause, while in possession of a restraining order from the Quincy District Court containing clear and unambiguous terms, which the Plaintiff had not violated.

53. The Defendants falsely imprisoned the Plaintiff in jail with no probable cause to charge him with a crime.

54. As a direct and proximate result thereof, Plaintiff suffered damages, as set forth below.

### Damages

55. Mr. DiSalvio is a licensed electrician, and runs an electrical contracting business, DiSalvio Electric, Inc., a closely held corporation of which he is the sole owner and

president, and which is the only source of his income.

56. During his improper incarceration, Mr. DiSalvio was unable to manage the business, or do electrical work for the business. Mr. DiSalvio suffered damages by a loss of business revenue, loss of current and future business, loss of business opportunity, loss of current and future income, loss of good will, and loss of reputation.

57. Due to the emotional distress of the improper incarceration, Mr. DiSalvio was unable to work efficiently and effectively for some period of time after he was released, causing further loss of business revenue and income.

58. As a result of the false arrest and violation of Mr. DiSalvio's Civil Rights, he also suffered damages in the form of indignity and humiliation, deprivation of liberty, physical pain and suffering from his incarceration, emotional distress, nightmares, sleeplessness, appetite loss, depression, and loss of consortium with his children.

### Prayers For Relief

**WHEREFORE,** Plaintiff requests the following relief:

A. A judgment against the defendants for violating Mr. DiSalvio's federally protected 4th Amendment rights, for illegal seizure of his person without probable cause;

B. A judgment against the defendants for violating Mr. DiSalvio's rights under Article XIV of the Mass. Declaration of Rights, for illegal seizure of his person without probable cause;

C. Compensatory damages to which he is entitled, to be proved at trial;

D. Costs of suit;

E.  Reasonable attorney's fees for the prosecution of this action;

F.  Punitive damages to which he is entitled, to be proved at trial;

### Demand For Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,
The Plaintiff, Robert DiSalvio

Dated: March 4, 2005

Gregory A. Hession J.D.
99 Forest Park Avenue
Springfield, MA 01108
(413) 746-3333
BBO No. 564457

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DiSalvio, Robert J.

## DEFENDANTS
Town of Abington, Mass.
O'Connor, Timothy
Cutter, Christopher

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory A. Hession J.D.
99 Forest Park Ave.    (413) 746-3333
Springfield, MA 01108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability / ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause:
False arrest/incarceration without probable cause - 4th Amendment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Prove at Trial
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER  None

DATE 3-4-05
SIGNATURE OF ATTORNEY OF RECORD
Gregory Hession

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __DiSalvio  v.  Town of Abington__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II.  195, 196, 368, 400, (440), 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

   IV.  220, 422, 423, 430, 460, 480, 490, 510, 520, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   V.   150, 152, 153.

   05cv10421 RGS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Gregory A. Hession J.D.__
ADDRESS __99 Forest Park Avenue   Springfield, MA  01108__
TELEPHONE NO. __(413) 746-3333__

(CategoryForm.wpd - 2/15/05)